# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRANK JARAMILLO,

    Petitioner,

v.                                                             No. Civ. 97-1381 M/WWD

JOE R. WILLIAMS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed October 24, 1997. Petitioner is represented by counsel. Mr. Jaramillo is currently confined pursuant to the judgment, sentence and commitment of the Second Judicial District in the County of Bernalillo, pursuant to a guilty verdict for the crimes of criminal sexual penetration in the first degree, kidnaping, criminal sexual contact of a minor in the third degree and battery. He was sentenced to a term of incarceration of fifteen (15) years. Respondent concedes that petitioner's claims are exhausted. They have been presented both on direct appeal and in a state habeas petition.

    2. As an initial matter, I find that the petition is timely under AEDPA.[1] As conceded by the parties, Jaramillo's conviction became final on June 29, 1994, 90 days after denial of certiorari by the state supreme court. See Sup.Ct.R.13. Because the conviction was final before AEDPA's

---

[1] Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, tit.I, sec. 104 (to be codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996), generally applying only to cases filed after the Act became effective. See Lindh v. Murphy, ___ U.S. ___, 117 S.Ct. 2059, 2068 (1997).

enactment on April 24, 1996, the one-year limitations period started to run on that date. See Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998). However, Respondent fails to allow for tolling of the limitations period during all the time Petitioner was pursuing post-conviction relief in state court. Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

3. Petitioner filed a state habeas petition on April 8, 1997, which was denied on August 29, 1997 (tolling the statute for 143 days). He filed a petition for review of certiorari on September 29, 1997, which was denied October 10, 1997 (tolling for 41 days, which includes the 30 days a petitioner ordinarily has in which to file for review of denial of certiorari). Tolling the April 23, 1997 deadline by 184 days, I calculate that the federal petition is timely, although it narrowly missed the deadline by one day.[2]

4. Petitioner asserts two grounds for relief:

1) Petitioner's conviction should be reversed due to a significant change in the law concerning the admissibility of prior consistent statements and which should be applied retroactively to Petitioner's case;

2) Trial counsel were ineffective, largely due to trial counsel's failure to make evidentiary objections.

**Ground One - Prior Consistent Statements**

5. Petitioner contends that his conviction should be reversed since it was based primarily on statements made by an alleged victim after she had acquired an improper motive to lie.[3] These statements were admitted under N.M.R.E. 11-801(D)(1)(b) according to the precedent in place at

---

[2] This calculation is in line with the one done by Petitioner.

[3] Petitioner lists about seven statements from six different witnesses which he contends that, under Tome, would be inadmissible under Fed.R.Evid. 801(d)(1)(B). Mem.Brf. at 8-9. Because the determination here rests on a legal question regarding the retroactivity of Tome, the particulars of the statements are not relevant.

2

the time of the trial, State v. Lucero, 109 N.M. 298 (Ct. App. 1989). Lucero allowed the trial court to examine circumstances on a case-by-case basis to determine whether to admit or exclude prior consistent statements. Lucero, 109 N.M. at 303. About a year after Petitioner's appeal order issued, the United States Supreme Court decided U.S. v. Tome, 513 U.S. 150 (1995), which held that prior consistent statements which are made after the declarant has obtained a motive to lie are inadmissible under Fed.R.Evid. 801(d)(1)(b), which is analogous to the state evidentiary rule. The following year, Lucero was overturned by State v. Casaus, 121 N.M. 481, following the United States Supreme Court's holding in Tome.

6. Respondent argues in part that this ground does not raise a recognized constitutional right and Petitioner recognizes that the Constitution "does not prohibit or require retroactive application of judicial decisions." Mem.Brf. at 5. Nevertheless, I will address the claim insofar as Petitioner is alleging that he is entitled to a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2254(e)(2).

*State Court Decision and "Clearly Established Law"*

7. Jaramillo raised the Tome issue in his state habeas petition. The state court relied on the discretionary factors set out in Linkletter v. Walker, 381 U.S. 618 (1955) in order to decide the issue of retrospective or prospective application of a new rule (in this case, the Casaus holding). Pet.Ex. A. After examining the "purpose of the new rule, the reliance placed upon the old rule, and the effect upon the administration of justice that retroactive application would have," the state court concluded that Jaramillo's case was "not a suitable case for retroactive application

3

of the Casaus rule.[4]  Ex.A; Santillanes v. State, 115 N.M. 215 (1993) (citing Linkletter 381 U.S. 618).

    8.    Based on a review of the trial transcript, the state court also found that the disputed statements could have all been admitted under other hearsay exceptions.  Pltffs' Ex. A. at 2. Further, it found that only the videotape containing an interview of the alleged victim would have been inadmissible after Casaus, but even this could "possibly" have been admitted under the catch-all exception, N.M.Rule 11-803(X). Therefore, I find that neither the admission of the prior consistent statements at trial nor the related findings on the Tome issue was contrary to clearly established Supreme Court law or an unreasonable application of law.

    9.    In this federal petition, Petitioner again raises the Tome issue, urging this Court to reconsider the Linkletter analysis already done with some thoroughness by the state court.  Under AEDPA, a federal court may grant habeas relief if, and only if, the "decision" resulting from that adjudication was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or involved an "unreasonable application of law," or if the decision was based on an "unreasonable determination of the facts in light of the evidence" presented at the state level.  § 2254(d).  Determinations of factual issues are also presumed to be correct unless the petitioner is able to rebut this presumption by "clear and convincing evidence." 2254(e)(1).[5]

---

[4] Petitioner does not appear to contest the state law decision regarding retroactivity of a new rule of state law.  See Jackson v. Shanks, 143 F.3d 1313, 1323 (10th Cir. 1998) (Constitution does not impose any requirement that state judicial decisions be applied retroactively; issue whether a state court decision applies retroactively is a state law issue).

[5] Petitioner filed this petition on October 24, 1997, after AEDPA became effective; thus the new rules apply.  28 U.S.C. §§ 2254(d),(e).

4

10. The AEDPA provisions do not specify whether "clearly established" under § 2254(d)(1) refers to the law in effect at the time conviction became final, see, Teague v. Lane, 489 U.S. 288 (1989) or the moment the trial court makes its decision. See e.g., Blankenship v. Johnson, 106 F.3d 1202, 1205-06 (5th Cir. 1997) (construing § 2254(d)(1) to limit federal review to legal rules in effect when state court decided the case); Liebman & Hertz, Fed.Hab.Corpus Prac. & Proc., § 20.2c (1997 cum.sup.); Evan Tsen Lee, Section 2254(d) of the New Habeas Statute: An (Opinionated) User's Manual, 51 Vanderbilt L.J. 103, 119-22 (1998). Either way, Petitioner's claim would fail based on the presumption of the state court findings, since Tome was not decided (thus, was not "clearly established law") either at the time the trial court rendered its decision, or at the time his availability of direct appeals had been exhausted.

11. Thus, I find no fundamental error in deferring to the state court's findings that Casaus, following Tome, should not be retroactively applied. The rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done. State v. Orosco, 113 N.M. 780, 784, 833 P.2d 1146, 1150 (1992).

*Application of New Rule to Habeas Proceeding*

12. Even if the state court findings were not given deference, Petitioner's first ground still has no merit. Federal courts review petitions for collateral review under the constitutionally mandated criminal procedure at the time the defendant's conviction became final. Desist v. United States, 394 U.S. 244, 256 (1969) (Harlan, J., dissenting). Unless they fall within one of two exceptions to the general rule, new constitutional rules of criminal procedure are not applicable to those cases which have become final before the new rules are announced. Teague,

5

489 U.S. at 310; O'Dell, 521 U.S. 151 (new rule which allowed capital defendant to inform his sentencing jury that he is parole-ineligible if prosecution argues his future dangerousness did not apply to federal habeas case where conviction was final); cmp.United States v. Albers, 93 F.3d 1469, 1482 (10th Cir. 1996) (new rule in Tome applied to case which was pending on appeal).[6]

13. Before Jaramillo may upset his state court conviction on federal collateral review, he must "demonstrate as a threshold matter that the court-made rule of which he seeks benefit is not new." O'Dell v. Netherland, 521 U.S. 151 (1997). A rule is new "if a state court considering a defendant's claim at the time his conviction became final would have not felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution." Id.; see also Earnest v. Dorsey, 87 F.3d 1123, 1132 (10th Cir. 1996).

14. In this case, Tome's insertion of a temporal requirement governing threshold admissibility of prior consistent statements renders the holding as a "new rule" because the temporal requirement was not dictated by precedent at the time Mr. Jaramillo's conviction

---

[6] The discretionary Linkletter standard used by the state court in this case had been applied both to convictions that were final and to convictions pending on direct review. It was overruled in United States v. Johnson, 457 U.S. 537, 545 (1982), which made retroactivity standard, not discretionary, for all defendants whose cases were still pending on direct appeal at the time of the law-changing decision where the new law represented a "clear break with the past." Griffith v. Kentucky, 479 U.S. 314 (1987), further shaped the contours of the retroactivity principle by holding that new constitutional rules of criminal procedure are to be given retroactive effect in *any* case where the time for direct appeals or for a petition for certiorari to review the denial of such appeals had not expired prior to the announcement of the new rule. See Roman v. Abrams et al, 822 F.2d 214, 227 (2d Cir. 1987).

The analysis set out in Teague is followed when determining whether a new rule should be retroactively applied in collateral proceedings. See Joseph L. Hoffman, Retroactivity and the Great Writ: How Congress Should Respond to Teague v. Lane, 1990 B.Y.U. L.Rev. 183, 197 (noting that the Linkletter doctrine which applied only to new rules that represented "clear breaks with the past" and which required a rule-by-rule determination of retroactivity was replaced by Teague's "broadly applicable doctrine of non-retroactivity").

6

became final on March 29, 1994. The fact that Lucero was eventually overturned by Casaus underscores that Tome was a "development in the law over which reasonable jurists [could] disagree," one of the criteria for determining whether a rule is new. Caspari, 510 U.S. 383 (1994); Teague at 445-46 (fact that courts had reached a different conclusion as to the precise legal issue regarding admissibility of prior consistent statements is evidence that the issue was "susceptible to debate among reasonable minds"); see, e.g., Earnest, 87 F.3d at 1133. Therefore, I conclude that the holding in Tome constitutes a new rule for purposes of retroactivity.

    15. A petitioner is entitled to retroactive application of a subsequent new rule in habeas corpus proceedings only if the ruling falls within one of Teague's two narrowly construed exceptions. Teague, 489 U.S. at 311. I find that the Tome rule requiring a temporal requirement for admissibility of prior consistent statements does not fit into either of the two exceptions under Teague. It neither places individual conduct beyond the reach of lawmakers nor announces a "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. See Sawyer, 497 U.S. 227, 424 (1990) (under second exception a new rule must not only improve the factfinding procedures at trial but must also "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding"); cmp., Earnest, 87 F.3d at 1133 (rule excluding corroborating evidence from consideration does not fit into one of the two exceptions justifying retroactive application). Accordingly, Petitioner's first ground does not allege a basis for habeas relief and should be dismissed.

**Ineffective Assistance of Counsel**

    16. Petitioner's second ground is based on ineffective assistance of counsel. To prevail

on this claim, Jaramillo must show that his counsel's performance[7] was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord, Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996).

17. Jaramillo alleges that counsel was ineffective in failing to make evidentiary objections to those "hearsay" statements which I assume are the ones Petitioner also contends would be inadmissible under Casaus and Tome, -- statements where the victim had told other people concerning the alleged acts. See Mem.Brf. at 8.[8] However, mere failure to object to evidence does not render an attorney ineffective. Yarrington v. Davies, 992 F.2d 1077, 1080 (10th Cir.1993).

18. Trial counsel's conduct cannot be viewed as deficient where, at the time of trial, these statements *were* admissible as non-hearsay under Fed.R.Evid 801(d)(1). Counsel's objections would thus have been useless. Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim. Miles v. Dorsey, 61 F.3d 1459, 1475 (10th Cir. 1995) (quoting Strickland, 466 U.S. at 700.

19. Jaramillo also contends that trial counsel offered "prior bad act" evidence, detailing Petitioner's history of physical abuse of the 11 year-old victim and the victim's family. The state court of appeals made findings on this issue, and for the same reasons given for the first ground, these findings should be deferred to since those findings were not contrary to clearly established federal law, nor were they an unreasonable application of the law. Ans., Ex. I at 6.

---

[7] Jaramillo was represented by two attorneys in the criminal proceeding, but "counsel" will be referred to in the singular for ease of reference.

[8] See RP, Vol.VI, pp. 18-19; RP Vol. VI, pp. 59-60; RP, Vol. VI, p. 175; RP,Vol VII, pp. 7-10; RP, Vol. VII, pp. 39-40; RP,Vol.VII, pp. 59-62.

20. Petitioner points to specific references in the trial transcript where he alleges that introduction of "prior bad act" evidence prejudiced him in the eyes of the jury. For example, counsel elicited testimony from the victim's mother about other incidents of sexual abuse over the span of years that she knew petitioner. RP, Vol.VI, p. 142.[9] Counsel also asked the victim about the relationship between Petitioner and her mother, specifically asking about the one time the victim had seen Petitioner physically abusive to his mother. RP, Vol. V, p. 81. Petitioner points to testimony given regarding his efforts to toilet-train the victim's brother by dipping him in cold water, a method to which the victim's mother agreed. RP, Vol. VIII, pp. 96-98.

21. However, the context in which this information was given could easily be viewed as tied to counsel's trial strategy, stressing the isolated nature of any occurrence of physical violence, no history of any other incident of sexual misconduct with the children, and the positive role Petitioner had played within the family in the years before the alleged incident:

> We have here an incident that allegedly occurred once over a seven year span. We have evidence indicating the volatility of the alleged victim's mother. . . ." RP, Vol.III, pp.4-5.

> . . . [O]ur position is that is didn't happen, it didn't happen, at least with regard to Frank Jaramillo. RP, Vol.X, p. 19.

22. As the state court of appeals noted, these were "reasonable trial tactics," even though they turned out to be unsuccessful. Ans., Ex. I at 6. Such decisions involving trial tactics and strategy are "virtually unchallengeable." Strickland, 466 U.S. at 690. Because Petitioner does not otherwise raise any federal law that was allegedly violated by counsel's choice of tactics, this claim must also fail.

---

[9] "RP" refers to the trial transcript of the state criminal proceeding.

23. In sum, I find that Petitioner's case should not be reversed based on the change in law signified by Tome and Casaus and that the Tome rule of law should not be retroactively applied to this case. I also find that Petitioner has failed to show that trial counsel was ineffective, either by failing to make evidentiary objections or by offering evidence of Petitioner's "prior bad acts."

## Recommendation

I recommend that the petitioner's application for Writ of Habeas Corpus be denied and that this cause be dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE